NOT DESIGNATED FOR PUBLICATION

No. 118,000

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA LORING GOODMAN KRINHOP,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed June 15, 2018. Reversed and remanded with directions.

*Jeffery Ebel*, of The Ebel Law Office, LLC, of Salina, for appellant.

*Daryl E. Hawkins*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM:  Joshua Loring Goodman Krinhop appeals the denial of his motion to suppress evidence obtained when he was stopped for driving under the influence (DUI). Based on the the record from the suppression hearing, we find the tip by the known informant was insufficient to give the officer reasonable suspicion a DUI had been committed or was being committed. We reverse and remand with directions to grant the motion to suppress.

Krinhop hit and killed a domesticated peacock with his vehicle. The peacock's owner, Greg Marston, called police, reported someone hit his peacock, and that the driver

1

was holding a can of beer when he exited his vehicle to see what he hit. The driver spoke briefly with Marston before leaving the scene. Marston advised police the vehicle was a muddy, tan Chevrolet Avalanche with license plate number 051GLL.

While en route to Marston's, Deputy Steve Davis passed a tan, muddy Dodge Durango headed south. He called Marston to confirm the vehicle's description. Marston advised his wife told him the vehicle was actually a tan Dodge Durango. Deputy Davis reported the vehicle's updated description and its direction of travel over the radio.

Deputy Raymond Nunweiler heard the original dispatch and Deputy Davis' updated radio broadcast. When a westbound muddy Dodge Durango passed Deputy Nunweiler, he turned around and followed it for over a mile and a half but did not observe any driving errors. He noted the license plate number was 057GLL, not 05GILL. Deputy Nunweiler confirmed the similarity of the plate numbers with dispatch and initiated a traffic stop.

During the stop, Deputy Nunweiler smelled alcohol on Krinhop's breath. He took Krinhop's Kansas identification card and learned Krinhop's driving privileges were suspended for a chemical test refusal in 2007. Krinhop advised "he did not drink anything," refused standard field sobriety testing, and was arrested for driving while suspended. Ultimately, Krinhop provided a breath sample above the legal limit of .08. Deputy Davis searched Krinhop's vehicle and found a glass pipe with burnt marijuana residue, beer bottles, and beer cans.

The State charged Krinhop with felony unlawful possession of marijuana, driving under the influence of alcohol or drugs, driving while license suspended, and possession of drug paraphernalia. He filed a motion to suppress the evidence obtained during the traffic stop. Both deputies testified at the suppression hearing. Krinhop argued the traffic stop was unlawful because the only evidence in the record was a vehicle struck a

2

peacock, the driver was holding a beer can, the vehicle was muddy, and Deputy Nunweiler followed it for more than a mile but he observed no driving errors; thus, there was no evidence of a crime. The district court denied Krinhop's motion to suppress. The district court found there was sufficient probable cause to pull the vehicle over because:

> "[Y]ou have to consider the totality of the circumstances, and the totality of the circumstances in this case involves an accident. It involves an accident, whether you hit a car in the road or an animal in the road, there's an accident involved.
>
> "There's an identification that the gentleman who stepped out of the vehicle was holding a beer can when observing the peacock. And then gets off. There's a description given and a description of a license plate. The officer had that description of—of the Durango, had the description of the beer can. Or description of holding the beer, not of the beer can."

A jury convicted Krinhop of driving under the influence of alcohol and of driving while license suspended. Krinhop appeals the denial of his motion to suppress.

Krinhop argues the district court erred when it denied his motion to suppress because Deputy Nunweiler lacked reasonable suspicion to stop his vehicle. Krinhop argues under *State v. Slater*, 267 Kan 694, 700-03, 986 P.2d 1038 (1999), the State lacked reasonable suspicion because Marston's information did not corroborate the observations made by the deputies.

The facts at issue are not in dispute. When the material facts to a district court's decision on a motion to suppress evidence are not in dispute, the question of whether to suppress is a question of law over which an appellate court has unlimited review. *State v. Cleverly*, 305 Kan. 598, 604, 385 P.3d 512 (2016). The Fourth Amendment to the United States Constitution and § 15 of the Kansas Constitution Bill of Rights prohibit unreasonable searches and seizures. *State v. Ramirez*, 278 Kan. 402, 404, 100 P.3d 94 (2004). A traffic stop is a seizure under the Fourth Amendment, so it must be reasonable

3

to be valid. *State v. Smith*, 286 Kan. 402, 406, 184 P.3d 890 (2008). Once a defendant initiates a constitutional challenge to a search or seizure, the State then carries the burden of proving its legality. *State v. Estrada-Vital*, 302 Kan. 549, 556, 356 P.3d 1058 (2015).

An officer may stop any person in a public place if that officer reasonably suspects the person is committing, has committed, or is about to commit a crime. K.S.A. 22-2402(1). Reasonable suspicion requires more than an unparticularized suspicion or hunch; an officer must be able to articulate a particularized and objective basis for believing the person stopped is or has engaged in criminal activity. *State v. DeMarco*, 263 Kan. 727, 734-35, 952 P.2d 1276 (1998). To determine if an officer had reasonable suspicion to stop a vehicle based on an informant's tip, the court weighs three factors: the type of tip and informant involved, the detail given about the observed criminal activity, and whether the police officer's personal observations corroborate the information given by the informant. *Slater*, 267 Kan. at 700.

On a motion to suppress, we look to the evidence presented at the hearing on the motion to suppress. See *State v. Jones*, 300 Kan. 630, 645, 333 P.3d 886 (2014) (As a general rule, review of a district court's ruling on a motion to suppress must be based solely on evidence presented at the suppression hearing.). Based on Marston's tip, Deputy Nunweiler knew Krinhop hit Marston's family peacock in the road, Krinhop stopped his vehicle to look at what he hit, and he briefly spoke with Marston. Marston also reported Krinhop had a can of beer in his hand when they spoke, and Krinhop drove away from the scene of the accident. Deputy Nunweiler testified he stopped Krinhop for possibly driving under the influence. Deputy Nunweiler did not suggest he stopped Krinhop for leaving the scene of an accident or transportation of an open container of alcohol. Marston's tip was insufficient to support Deputy Nunweiler's suspicion that Krinhop was driving under the influence of alcohol. There simply was not enough information available to Deputy Nunweiler. He might have had a hunch based on Marston's tip, but the tip failed to support reasonable suspicion the driver was under the influence of

4

alcohol. See *Jones*, 300 Kan. at 641 ("[A]n officer must be able to articulate more than an 'inchoate and unparticularized suspicion' or 'hunch' of possible criminal activity."). The district court erred by not granting the motion to suppress.

The State also argues the attenuation exception to the exclusionary rule should apply to this case if our court overturns the district court's decision denying the motion to suppress. The State failed to raise the attenuation exception to the district court or explain on appeal how one of the exceptions applies to this case. See Kansas Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34); *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015) (consequences for noncompliance with Rule 6.02[a][5]); *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014) (issues not raised before the trial court cannot be raised on appeal). We decline to address it.

Reversed and remanded with directions to grant the motion to suppress.